[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2007
THOMAS K. KAHN
CLERK

No. 06-16580
Non-Argument Calendar

_____

D. C. Docket No. 06-00046-CR-4-RH/WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICA L. GOODWIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 3, 2007)**

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Erica L. Goodwin pled guilty to twelve counts of wire fraud, in violation of

18 U.S.C. § 1343, and three counts of uttering a forged security, in violation of 18

U.S.C. § 513(a). She was sentenced to 70-month terms of imprisonment on all

counts, to run concurrently, and she now appeals. She argues that the district court erred by applying a 2-level "sophisticated means" enhancement to her offense level, pursuant to U.S.S.G. § 2B1.1(b)(9)(C). We review a district court's findings of fact for clear error and its interpretation of the Sentencing Guidelines de novo. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir.), cert. denied, 126 S. Ct. 812 (2005). A district court's finding that sophisticated means were used is a finding of fact reviewed for clear error. United States v. Barakat, 130 F.3d 1448, 1456-57 (11th Cir. 1997). After careful review, we affirm.

Goodwin was the bookkeeper for Affiliated Title Services, LLC ("ATS"), where she used her access to ATS accounts to wire money into her personal bank account and wrote herself and her husband unauthorized checks on ATS accounts. When Goodwin was confronted with her actions, she denied any involvement, removed evidence of her crimes from ATS's office during the middle of the night, and installed new passwords on ATS's trust and operating accounts so only she could access them. Based on the foregoing conduct, the district court enhanced her offense level for her use of "sophisticated means."

On appeal, Goodwin argues that the district court clearly erred by applying the two-level enhancement to her sentence, pursuant to U.S.S.G. § 2B1.1(b)(9)(C). She contends that her crimes involved neither sophisticated execution, nor

2

concealment, and that her fraud was not unusually elaborate and lasted for a relatively short period of time.

The Sentencing Guidelines provide for a two-level enhancement if the offense involved "sophisticated means." U.S.S.G. § 2B1.1(b)(9)(C) (2006). The commentary states that sophisticated means are:

> especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. For example, in a telemarketing scheme, locating the main office of the scheme in one jurisdiction but locating soliciting operation in another jurisdiction ordinarily indicates sophisticated means. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts also ordinarily indicates sophisticated means.

Id. § 2B1.1(b)(9)(C) cmt. (n. 8(B)). There is no requirement that each of a defendant's individual actions must be sophisticated in order to support imposition of the enhancement; rather, it is sufficient if the totality of the scheme was sophisticated. Cf. United States v. Finck, 407 F.3d 908, 915 (8th Cir.), cert. denied, 126 S. Ct. 282 (2005) ("Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme.").

On this record, we discern no clear error in the district court's factual finding that Goodwin's fraud involved sophisticated means, given that the fraud involved repetition, sophisticated technology, complexity in scheme, and Goodwin's efforts to conceal her wire transfers.

3

**AFFIRMED.**